# R. FENSTERMACHER v. MARY A. XANDER.

ERROR TO THE COURT OF COMMON PLEAS OF CARBON COUNTY.

Argued March 9, 1887—Decided April 11, 1887.

To sustain a judgment entered against a married woman upon a transcript from the docket of a justice of the peace in a suit against husband and wife " for necessaries furnished to the wife and at her request and direction, for the use of herself and family and for the improvement of her separate estate," it is not necessary that it should appear affirmatively from the transcript that the necessaries were furnished upon the credit of the wife's separate estate, and it is error to enjoin the plaintiff from issuing execution process against the wife's estate on the ground of the want of such an averment.

Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

No. 272 January Term, 1887, Sup. Ct.; court below, No. 122 October Term, 1882, C. P.

Reuben Fenstermacher, a merchant of Lehighton, brought suit before a justice of the peace against Dallas Xander and

Mary Ann, his wife, for provisions, clothing, etc., for the use and support of herself and family, and glass, nails and hardware for repairs to her dwelling-house, sold to the wife, and on November 28, 1882 obtained a judgment against both defendants.    On December 19, 1882, upon a transcript from the justice's docket, judgment was entered in the Court of Common Pleas.    On September 10, 1885, a certificate from the justice of the issuance of an execution and its return " *nulla bona* " was filed and an execution against the husband was issued to the sheriff and by him returned " *nulla bona.*"    Then, upon an alias fi. fa. against both defendants, the real estate of the wife was levied upon and condemned and a *venditioni exponas* issued to sell the same.    Thereupon Mary Ann Xander, the wife, filed her petition, setting out (1) That at the time the goods were purchased, suit brought and judgment entered, she was a married woman, the wife of Dallas Xander, who has since died leaving no real estate ; (2), That the debts on which the judgment was obtained had not been contracted by herself nor by any one authorized by her; (3), That the articles in the account were not necessaries for the support of herself and family, nor for the improvement and on the credit of her separate estate; (4), That the judgment did not show that said debts were contracted by her or by her authority, nor that the same were necessaries, etc., nor that the articles were furnished upon her separate credit; praying that her name be stricken from the record of said judgment, and for a rule to open.    December 2, 1885, rule granted, proceedings stayed in the meantime.

The transcript from the justice showed :

Now November 27, 1882, parties appear; plaintiff (sw) claims $226.99 book account for necessaries furnished to the wife and at her request and direction, for the use of herself and family, and for the improvement of her separate estate. Defendant Dallas Xander admits plaintiff's claim.    Defendant Mary Ann Xander (sw) also admits plaintiff's claim, but denies of having bought the said necessaries herself.

Having heard the parties, their proofs and allegations, adjourned to the 28th, 10 A. M., for want of time to decide.

And now November 28, 1882, judgment publicly for the

plaintiff and against the defendants for two hundred and twenty-six dollars and ninety-nine cents and costs of suit.

On argument, June 18, 1886, the court, S. S. DREHER, P. J., filed the following opinion and decree:

As the record shows that Mary Ann Xander was a married woman when judgment was obtained, and when the necessaries were furnished, the question is, whether the record shows sufficient facts to make the separate estate of the wife liable.

The plaintiff's claim is for necessaries furnished to the wife, and at her request and direction, for the use of herself and family, and for the improvement of her separate estate. It does not appear that such necessaries were furnished upon the wife's separate credit. The pleadings, as well as the evidence, must show that the goods were furnished on the wife's separate credit: Berger et ux. v. Clark, 79 Penn. St. 340; Hoff v. Koerper, 103 Idem 396; Sawtelle's Appeal, 84 Idem 306.

The plaintiff's claim is also for necessaries "for the improvement" of the wife's separate estate. How much of the claim was for the improvement of her estate, and what the necessaries for such improvement, the record does not show. The decisions are that a married woman is liable for repairs to her separate estate made at her request, and necessary for its preservation and enjoyment: Lippincott v. Leeds, 77 Penn. St. 420; but she is not liable for a debt contracted (money borrowed) for the avowed purpose of improving her separate estate unless it is shown that the money was applied to that object: Heugh v. Jones, 32 Penn. St. 432. I think the record fails to show the essential fact that the goods were furnished on the separate credit of the wife

The question of the power of the Court to strike off a judgment entered against a married woman on the transcript of a justice is raised. We held in the case of Balliet v. Andrews and wife, No. 93, January Term, 1882, that we had the power, and made the rule to strike off the judgment absolute. Other Courts had held differently, but did what was substantially equivalent by staying execution indefinitely: Buffington v. Hay, 1 Pears. 90. Since the Act of 1885, P. L. 160, it has been held that under the Act the Court has power to strike

off such judgment: Collins v. Brower, C. P., No. 2, Phila., 1 Pa. C. C. R. 261; Campbell v. Evler, C. P., Dauphin County, Idem 394. If we were in error in ruling as we did in Balliet. v. Andrews, we think now, since the Act of 1885, there can be no question as to our power to strike off the judgment. We do not however propose to do so, but will simply make an order staying execution against the wife. From such order a writ of error lies to the Supreme Court: Patterson v. Patterson, 27 Penn. St. 40; Pontius v. Nesbit, 40 Idem 309.

And now, to wit: June 19, 1886, it is ordered that the plaintiff be and is hereby enjoined from issuing execution process against the said Mary Ann Xander. To which ruling and judgment the plaintiff by his counsel excepted, and at his request a bill of exception is sealed.

The plaintiff thereupon took this writ, assigning for error the said ruling and decree.

*Mr. William G. Freyman* (with whom was *Mr. James Kiefer*), for the plaintiff in error:

The transcript states a good cause of action substantially in the language of the Act of April 11, 1848, and such statement is sufficient. The court erred in holding that it should appear affirmatively that the necessaries were furnished upon the separate credit of the wife. The cases cited in the opinion do not sustain this ruling. The extent to which they or any adjudications go, is to hold that the narr. must aver that the sum claimed is for necessaries for the support and maintenance of the family of the married woman and that they were contracted for by herself. That the necessaries, etc., were furnished upon the credit of the separate estate of the wife is a matter of evidence and proof, which is not to be set out in the pleadings: Buckmyer v. Dubs, 5 Binn. 29; Berger v. Clark, 79 Penn. St. 340. In Hoff v. Koerper, 103 Idem 396 the case turned not upon the pleadings, but upon the evidence.

In the case at bar, the evidence was for the justice, and, having passed upon it and rendered judgment, the remedy of Mrs. Xander was by an appeal: Rigoney v. Neiman, 73 Penn. St. 330; Kase v. Best, 15 Idem 102; Carn v. Fillman, 10 W. N. 152, 155; Murray v. Keyes, 35 Penn. St. 384, 392.

Our view is sustained by the language of the proviso to the 8th section of the Act of 1848: Provided that judgment shall not be rendered against the wife . . . . . unless it shall have been "*proved* that the debt sued for in such action was contracted by the wife, or (and) incurred for articles necessary," etc. True it is said in the decisions that what must be proved must be averred, but nowhere is it to be found that a creditor must allege in his narr. that the goods were sold on the credit of the wife's separate estate.

The judgment is substantially within the provisions of the Act of 1848: Hazlett v. Ford, 10 W. 102; Buckmyer v. Dubs, 5 Binn. 29; Gribbs v. Alberti, 4 Y. 373; Berryhill v. Wells, 5 Binn. 56; Emory v. Nelson, 9 S. & R. 12.

*Mr. Frederick Bertolette*, for defendant in error.
No paper-books were filed.

OPINION, MR. JUSTICE TRUNKEY:

Section 8 of the Act of 1848 provides that " In all cases where debts may be contracted for necessaries, for the support of the family of any married woman, it shall be lawful for the creditor in such case to institute suit against the husband and wife," and if it be proved " that the debt sued for in such action was contracted by the wife, and incurred for articles necessary for the support of the family of the said husband and wife," the plaintiff may be entitled to recover.

It has been repeatedly decided that both the pleadings and the evidence must show a case of the wife's liability under the statute. The record must set out a debt contracted by the wife and that it was incurred for articles necessary for the support of her family. But it is not requisite that the evidence adduced to establish the claim shall be entered on the record.

The transcript of the justice sets forth that the plaintiff claimed " $226.99 book account for necessaries furnished to the wife and at her request and direction, for the use of herself and family, and for the improvement of her separate estate." This claim was admitted by the husband; and the wife admitted it, except that she denied having bought the necessaries herself. Upon the evidence judgment was rendered against

both. The claim is set out substantially in the words of the statute—for necessaries furnished to the wife, at her request, for the use of herself and family. If it be that some of the goods were for improvement of her estate, and that the record is defective for such claim, the judgment is not void. In that case, if aggrieved, the wife's remedy was by appeal. Where a good cause of action is set out against the husband and wife, and judgment is rendered for a larger sum than the wife is liable for, it will not be summarily struck off, or its collection enjoined. A case may arise where the wife would be entitled to equitable relief, but no facts appear for such relief in favor of the defendant.

When the cause of action is stated according to the requisites of the statute which define the case where the wife is liable, the record is sufficient. From such statement the reasonable inference is that the goods were sold on the wife's credit, and it has been often repeated in judicial opinions that the evidence must show that the goods were furnished on the wife's separate credit. But no case was cited on the part of the defendant where it was ruled that it is necessary to insert the words " on the wife's separate credit" in the pleadings, and we are advised of no such decision. The cases relied on to support the injunction are Berger v. Clark, 79 Penn. St. 340; Sawtelle's Appeal, 84 Idem 306, and Hoff v. Koerper, 103 Idem 396.

In Berger v. Clark, the declaration showed that the action was founded on an alleged joint contract of the husband and wife, and therefore it was held that the wife was not liable. In speaking of what is essential, it was remarked, " The pleadings must set out a debt contracted by the wife, and that it was incurred for articles necessary for the support of the family of the husband and wife." Sawtelle's Appeal was from a decree of the Orphans' Court, and no question of pleading existed; but it was enunciated that " The Act enables the wife to bind her separate estate for necessaries obtained for herself and family, but the very essence of the liability is that they are furnished at her request and on her credit." Nor was there any question whether the claim was properly set out in the pleadings in Hoff v. Koerper, where it was ruled that the testimony " was clearly insufficient to sustain the essential aver-

ments of the declaration that the alleged indebtedness was contracted by the wife and incurred for articles necessary for the support and maintenance of the family."

The authorities seem to sanction the statement of claim as sufficient, when it follows the terms of the statute relative to her liability for debts incurred for necessaries.

> The order enjoining the plaintiff from issuing execution process against Mary Ann Xander, is reversed.